FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 MAY 30  AM 10: 45

U.S. DISTRICT COURT
N.D. OF ALABAMA

RAYTHEON PARTIES,  }
                   }    CIVIL ACTION NOS.
    Plaintiffs and }
    Counterclaim Defendants }   93-AR-2235-S
                   }
    vs.            }    93-AR-2254-S
                   }
AIR PRODUCTS PARTIES, }
                   }
    Defendants and }
    Counterclaimants }

ENTERED

MAY 30 1997

### MEMORANDUM OPINION

The court has before it two post-judgment motions timely filed by the Air Products Parties, defendants in the above-entitled cause. Both motions have been thoroughly briefed and orally argued. For the reasons that follow, the motions will be granted in part and denied in part.

While this court perhaps could, as the Air Products Parties have done, fashion a rebuttal to the understanding of the subject stock purchase agreement as read by attorney Michael Waters, who testified outside the presence of the jury as to its consummate clarity, the fact that such an accomplished transactional lawyer agreed with what the original drafting Philadelphia lawyer for the Raytheon Parties said he intended to accomplish by it, satisfies this court not that this court should have granted the Raytheon

1

Parties' Rule 56 motion or their Rule 50 motion, but rather that this case was from the start a classic case for jury resolution of the question of the actual intent of the parties. If the preceding sentence competes in length with the stock purchase agreement, the court apologizes. This court cannot guarantee that the Eleventh Circuit will not agree either with the Air Products Parties or with the Raytheon Parties that the indemnity provisions of their contract can be clearly understood from the four corners of the lengthy and complex document, and that the liability question should have been decided by the court on a plain meaning basis. The mere fact that good lawyers are in sharp disagreement over the meaning of a contract does not require the conclusion that a good trial judge or a panel of good appellate judges cannot find the contract unambiguous, clear as a bell, and that it entitles one side to win and the other side to lose. This court does not claim to be a good trial judge but does claim that the Eleventh Circuit has some mighty good appellate judges.

This court seriously doubts that the jury charges requested by the Air Products Parties, to the extent that they state correct principles of law and to the extent the failure to give them was properly objected to, would, if given, have done more than to add to the confusion inherent in this case. While this court is a great believer in the jury as the appropriate institution, created by the Founding Fathers for resolving factual disputes, the issues

2

presented to the jury, even in highly complicated cases, should be explained in as simple a manner as possible. The Air Products Parties' post-judgment complaint that the court failed fully to instruct the jury, particularly by failing to explain that the parties' competing contentions were "mutually exclusive," was never really insisted upon. If such an instruction had been given, it could, as it turned out, only have redounded to the benefit of the Raytheon Parties, that is, if the jury could have comprehended the concept. More importantly, this court does not think the competing indemnity provisions were mutually exclusive. As interpreted by their respective proponents, the provisions indemnified to a considerable extent against different kinds of potential liability. Lastly, an instruction about "piercing the corporate veil" in this case, which started out as a CERCLA contribution case involving a corporate subsidiary would <u>really</u> have caused consternation. *See United States v. Cordova Chemical Co. of Michigan*, __ F.3d __, 1997 WL 242128 (6th Cir. May 13, 1997).

The most singular argument made by the Air Products Parties in support of their post-judgment motions is found at page 17 of their Alternative Motion for New Trial and/or Remittitur, as follows:

> A new trial or remittitur should be granted on the basis that <u>Air Products Parties agreed with the Court that neither party was entitled to an award of attorneys' fees under Hensley v. Eckerhart,</u> 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), even though the jury reduced the fees requested by Raytheon Parties. As the Court pointed out, there was no way to tell, either from Raytheon's <u>heavily</u> redacted bills, or perhaps even from Air Products Parties

3

>       unredacted bills, what portion of the fees requested was paid for
>       what work. (R. 1662) In other words, it was impossible, even for the
>       parties themselves, to tell whether the fees were paid in pursuit of
>       a cross-claim or in defense of the original claims brought by SCSI
>       and SEGCO.
>
>            In their Amended Renewed Motion for Judgment as Matter of Law
>       at the Close of All the Evidence, Air Products Parties agreed,
>       pointing out (1) that the redactions made it impossible to tell what
>       portion of the fees requested by Raytheon Parties were attributable
>       to the fraud claims by SCSI and SEGCO, (2) that Raytheon Parties
>       could not be considered as a "prevailing party" after consenting to
>       a judgment of liability against it on July 3, 1996, and (3) that
>       because "the lawyer must provide detailed records of the time and
>       services for which fees are sought, "Raytheon Parties could not
>       establish any right to payment under the guidelines set out in
>       <u>Hensley v. Eckerhart</u>, *supra*.  Therefore, the Air Products Parties
>       are entitled to a new trial, or at least a remittitur of <u>all</u>
>       attorneys' fees awarded to Raytheon Parties.

(emphasis partially supplied). This startling argument is well taken. It means, however, that the Air Products Parties, whose <u>only</u> claimed damages were alleged attorneys fees and other litigation expenses, could not recover EVEN IF their interpretation of the indemnity agreement were adopted and enforced. Mere breach of a contract without proof of resulting loss does not entitle the non-breaching party to monetary damages. Both the Air Products Parties and the Raytheon Parties simply failed to offer proof of sufficient quality to permit a jury to discriminate between those litigation expenses potentially covered by the alleged indemnity and those not so covered. Therefore, the Air Products Parties, which have already lost before the jury on the meaning of the contract, are entitled to the granting of their renewed Rule 50 motion insofar as it is addressed to that portion of the verdict

4

and judgment in favor of the Raytheon Parties for their litigation expenses. The Air Products Parties erroneously call what they want in this respect a "remittitur." What they want and are entitled to is an amendment to the judgment eliminating that portion of the judgment attributable to attorneys fees and other litigation expenses incurred by the Raytheon Parties, with interest thereon. Although the jury substantially reduced the Raytheon Parties' claim for attorneys fees, that reduction could only have been arbitrary, because there was no evidentiary basis, much less substantial evidence, upon which the jury could distinguish between the litigation expenses traceable to the Air Products Parties' failure to indemnify and those not so traceable.

An appropriate, separate order will be entered.

DONE this __30th__ day of May, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

5